UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**JAMES YOUNGBERG,**

**Plaintiff,**

-v-  5:12-CV-70 (NAM/ATB)

**SNAP-ON, INC., SNAP-ON TOOLS COMPANY, SNAP-ON SECURECORP, INC., SNAP-ON TOOLS COMPANY, LLC., SNAP-ON TOOLS INTERNATIONAL, LLC, SNAP-ON TOOLS INTERNATIONAL, LTD, and SNAP ON TOOLS MANUFACTURING COMPANY,**

**Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

JAMES YOUNGBERG
499 Ward Avenue
Montgomery, New York 12549
Plaintiff, *pro se*

BOND, SCHOENECK & KING, PLLC
Suzanne O. Galbato, Esq., of counsel
Clifford G. Tsan, Esq., of counsel
One Lincoln Center
Syracuse, New York 13202-1355
and
QUARLES & BRADY, LLP
Michael J. Gonring, Esq., of counsel
411 East Wisconsin Avenue, Suite 2040
Milwaukee, Wisconsin 53202
Attorneys for Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

Defendants move (Dkt. No. 44) to dismiss this personal injury action for failure to

prosecute. Fed. R. Civ. P. 41(b). As set forth below, the Court grants the motion and dismisses the action with prejudice.

## FACTS

Plaintiff, then represented by counsel, commenced this action on January 13, 2012 (Dkt. No. 1). After the parties engaged in some discovery, plaintiff's attorney moved (Dkt. No. 31) to withdraw from representation of plaintiff. United States Magistrate Judge Andrew T. Baxter heard the unopposed motion by telephonic conference on May 17, 2013, during which plaintiff informed the court that he did not oppose the motion and that he intended to retain new counsel. On the same date, by Text Order (Dkt. No. 34), Magistrate Judge Baxter granted the motion and continued his stay of all deadlines pending the submission of a notice of appearance by new counsel of record for plaintiff or a status report to be filed on or before June 14, 2013.

On June 27, 2013 (Dkt. No. 37), plaintiff requested additional time to retain counsel. By Text Order issued on July 1, 2013 (Dkt. No. 38), Magistrate Judge Baxter granted the request and continued his stay of all deadlines pending the submission of a notice of appearance by new counsel of record for plaintiff or a status report to be filed on or before July 31, 2013.

On August 13, 2013, Magistrate Judge Baxter held a stenographically-recorded telephonic status conference, during which plaintiff reported that he was in the process of retaining the Law Offices of Sobo and Sobo to represent him in this matter. The Minute Entry states that Magistrate Judge Baxter scheduled a telephonic conference for August 28, 2013; directed plaintiff to advise his new counsel to enter an appearance in this action as soon as possible and to apprise new counsel of the scheduled conference; and further directed plaintiff to advise the court if he failed to retain Sobo and Sobo.

On August 28, 2013, Magistrate Judge Baxter held a stenographically-recorded telephonic status conference. Counsel for defendants advised the court that plaintiff could not be reached for the call.

On August 29, 2013, Magistrate Judge Baxter issued a Text Order (Dkt. No. 40) stating as follows:

> Due to plaintiff's failure to participate in the 8/28/2013 telephonic conference, the scheduling/status conference is rescheduled to 9/6/2013 at 3:00 p.m. before U.S. Magistrate Judge Andrew T. Baxter. Defense counsel is directed to initiate the call to chambers at 315-234-8600. PLAINTIFF IS WARNED THAT HIS FAILURE TO PARTICIPATE IN THE RESCHEDULED TELEPHONIC CONFERENCE, OR HIS FAILURE TO OTHERWISE COMPLY WITH THE DIRECTION OF THIS COURT OR COOPERATE IN THE TIMELY PROSECUTION OF THIS ACTION, MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THIS ACTION.

The Clerk served a copy of the August 28, 2013 Minute Entry and August 29, 2013 Text Order on plaintiff by regular and certified mail.

The Minute Entry for the September 6, 2013 stenographically-recorded telephonic status conference states:

> Plaintiff reports that he has been unable to find counsel to represent him in this matter, however he would like additional time to do so. Judge Baxter grants the plaintiff a final additional period of time to retain counsel before the schedule is reset. A follow-up telephonic conference is scheduled for 10/18/2013 at 10:30 a.m. Either the newly retained counsel or, failing that, plaintiff is required to participate in the conference call.

The Text Order (Dkt. No. 41) issued on the same date states:

> The next telephonic conference in this matter is scheduled for 10/18/2013 at 10:30 a.m. before U.S. Magistrate Judge Andrew T. Baxter. Defense counsel is directed to initiate the call to chambers at 315-234-8600. PLAINTIFF IS WARNED THAT HIS FAILURE TO PARTICIPATE IN THE TELEPHONIC CONFERENCE, OR HIS FAILURE TO OTHERWISE COMPLY WITH THE DIRECTION OF THIS COURT OR

> COOPERATE IN THE TIMELY PROSECUTION OF THIS ACTION, MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THIS ACTION.

On September 23, 2013, the Clerk entered a notation (Dkt. No. 42) that the certified mail service of copies of the Minute Entry of the August 28, 2013 status conference and the August 29, 2013 Text Order (Dkt. No. 40) was returned as undeliverable. It had been sent to James Youngberg at his last known address: 499 Ward Avenue, Montgomery, New York 12549. The envelope was marked "Returned to Sender - Unclaimed - Unable to Forward." The copies sent by regular mail were not returned.

The Minute Entry for the October 18, 2013 stenographically-recorded telephonic status conference states:

> Plaintiff reports that he has not retained counsel, but is waiting to hear back from two firms concerning potential representation. Judge Baxter grants the plaintiff a final additional period of time to retain counsel before the schedule is reset. A follow-up telephonic conference is scheduled for 10/31/2013 at 11:00 a.m. Either the newly retained counsel or, failing that, plaintiff is required to participate in the conference call.

The Text Order (Dkt. No. 43) entered the same date and served on plaintiff by regular mail states:
> The next telephonic conference in this matter is scheduled for 10/31/2013 at 11:00 a.m. before U.S. Magistrate Judge Andrew T. Baxter. Defense counsel is directed to initiate the call to chambers at 315-234-8600. PLAINTIFF IS WARNED THAT HIS FAILURE TO PARTICIPATE IN THE TELEPHONIC CONFERENCE, OR HIS FAILURE TO OTHERWISE COMPLY WITH THE DIRECTION OF THIS COURT OR COOPERATE IN THE TIMELY PROSECUTION OF THIS ACTION, MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THIS ACTION.

The docket entry for October 31, 2013 states:

> Due to the unavailability of plaintiff Youngberg the telephonic conference scheduled for 10/31/2013 was cancelled. (Defense counsel coordinated the conference call and advised the court that plaintiff did not answer the call

at the phone number of record).

Regarding the October 31, 2013 telephonic conference, defendants' attorney states in her declaration on this motion (Dkt. No. 44-2):

> On October 31, 2013, I attempted to reach Mr. Youngberg shortly before 11:00 a.m. for the conference call, at the phone number he had provided to the courtroom deputy on October 15, 2013. Mr. Youngberg did not answer the telephone, but it rang through to his voicemail, which identified the phone as belonging to "Jim" in a voice I recognized to be that of Mr. Youngberg. I left a message on Mr. Youngberg's voicemail, identifying myself and stating that I was trying to reach him for the conference call with the court. I asked him to return my call when he received the message, so that we could conference him in to the call with the court.
>
> Before telephoning the court for the conference, I once more tried to reach Mr. Youngberg, but to no avail. Mr. Youngberg did not return my call. Co-counsel Mr. Gonring and I called chambers for the conference and advised that we were unable to reach Mr. Youngberg for the call. We were advised by chambers that in the event Mr. Youngberg returned the call, we should contact chambers so that the conference could be conducted. Failing that, we were advised by chambers, Defendants could make an application for relief. To date, Mr. Youngberg has not returned the call.

(Paragraph numbering omitted.)

Thereafter, defendants made the instant motion to dismiss (Dkt. No. 44). The certificate of service (Dkt. No. 45) shows service on plaintiff on November 14, 2013 by regular mail at his address of record, 499 Ward Avenue, Montgomery, New York 12549.

The docket entry for December 3, 2013 states:

> Courtroom Deputy Roberts attempted to contact Pro Se Plaintiff to notify him that there is no appearance for the Motion to Dismiss on 12/4/13 before Judge Mordue. The contact number on the docket is disconnected.

Plaintiff has submitted no opposition to the dismissal motion. He has not appeared by counsel since his attorney was relieved on May 17, 2013. Further, plaintiff has not appeared or contacted the court at any time since he participated in the October 18, 2013 telephonic status

-5-

conference.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

In reviewing a district court's exercise of its discretion to grant a Rule 41(b) dismissal for failure to prosecute, the Second Circuit considers the following factors:

> [Whether] (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). Where, as here, a plaintiff is proceeding *pro se*, Rule 41(b) dismissal is appropriate only when the circumstances are "sufficiently extreme." *Le Sane v. Hall's Sec. Analyst, Inc*., 239 F.3d 206, 209 (2d Cir. 2001) (internal quotation marks and citations omitted).

Considering the first *Drake* factor – whether plaintiff's failure to prosecute caused a delay of significant duration – the Court observes that plaintiff's attorney's unopposed motion for leave to withdraw from representation of plaintiff was granted on May 17, 2013 (Dkt. No. 34). During the hearing on that motion, plaintiff informed the court that he did not oppose the motion and that he intended to retain new counsel. More than five months later, on October 31, 2013, after numerous adjournments, Magistrate Judge Baxter cancelled the telephonic

conference scheduled for that date due to plaintiff's unavailability. Each adjournment had been necessitated by plaintiff's failure to appear or his representation that he was in the process of retaining counsel. During this time, all deadlines were stayed. Defendants then made this Rule 41(b) motion, returnable December 4, 2013. Plaintiff did not respond to the motion. Thus, almost seven months elapsed from the time plaintiff's attorney withdrew until the return date of defendants' motion. Further, even after the motion return date, plaintiff has never contacted the court. Under the circumstances of this case, plaintiff's failure to prosecute has caused significant delay and supports an order of dismissal.

The second *Drake* factor is whether plaintiff was given notice that further delay would result in dismissal. In Text Orders mailed to plaintiff on three separate occasions – August 29, 2013, September 6, 2013, and October 18, 2013 – plaintiff was given warnings in upper-case font that "his failure to participate in the rescheduled telephonic conference, or his failure to otherwise comply with the direction of this court or cooperate in the timely prosecution of this action, may result in the imposition of sanctions, including possible dismissal of this action." All three Text Orders were mailed to plaintiff by regular mail; none were returned to the Court.[1] Even taking plaintiff's *pro se* status into account, the Court finds that the warnings were sufficiently specific and clear to satisfy the requirement that plaintiff receive notice that further delay could result in dismissal.

The third factor is prejudice to defendants. Since plaintiff's counsel's May 10, 2013 motion for leave to withdraw (Dkt. No. 31), defendants have been unable to proceed with their

---

[1] As noted, copies of the Text Order of August 29, 2013 (Dkt. No. 40) were sent to plaintiff by regular and certified mail. Only the certified mail copy was returned (Dkt. No. 42).

defense. They have been required to appear for six telephonic conferences regarding plaintiff's failure to appear by counsel or otherwise proceed in the case, and ultimately had to make the instant motion. The third factor strongly supports dismissal.

Balancing the court's calendar congestion against plaintiff's right to an opportunity for a day in court (the fourth factor), the Court notes that since plaintiff's counsel's May 10, 2013 motion for leave to withdraw (Dkt. No. 31), Magistrate Judge Baxter has held six telephonic conferences and issued eight Text Orders regarding plaintiff's failure to appear by counsel or otherwise proceed in the case. Balancing this severe effect on Magistrate Judge Baxter's calendar against plaintiff's obvious lack of intention to proceed further in the case, or even to stay in contact with the court, this Court finds that the fourth factor strongly supports dismissal.

The final *Drake* factor is the efficacy of lesser sanctions. Here, it is plain that there is no sanction that would prompt plaintiff to proceed with this case. Despite three warnings that failure to comply could result in dismissal, plaintiff simply failed to answer his telephone or return counsel's voicemail, failed to participate in the October 31, 2013 telephonic conference, and ceased all contact with the court.

Magistrate Judge Baxter has given plaintiff every consideration to which a *pro se* litigant can reasonably be entitled. In refusing to proceed with the case, plaintiff has created a sufficiently extreme situation such that the Court has no alternative but to dismiss the action.

## CONCLUSION

It is therefore

ORDERED that defendants' motion (Dkt. No. 44) to dismiss the complaint under Rule 41(b) of the Federal Rules of Civil Procedure is granted; and it is further

ORDERED that the complaint is dismissed with prejudice; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York; service on plaintiff shall be by both regular mail and certified mail, return receipt requested.

IT IS SO ORDERED.

August 15, 2014
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge